The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion regarding rural water users associations. Specifically, you have asked whether such associations may require membership fees and whether a second membership fee can be charged when service is reestablished for a former member of an association.
Although not indicated in your correspondence, I assume that the water associations referred to in your questions are nonprofit corporations organized under the "Arkansas Nonprofit Corporation Act," A.C.A. 4-28-201 to -206 and 4-28-209 to -223 (Repl. 1991 and Supp. 1993) or the "Arkansas Nonprofit Corporation Act of 1993," A.C.A. 4-33-101 to -1707 (Supp. 1993).
According to A.C.A. 4-28-209(6) (Supp. 1993), nonprofit corporations are authorized to manage their internal affairs in any desired manner so long as the provisions of the Nonprofit Corporation Act or any other laws are not violated. See also A.C.A. 4-33-302(3) (providing that corporations covered by the 1993 act may make and amend bylaws not inconsistent with its articles of incorporation or with the laws of the state, for regulating and managing the affairs of the corporation). Such corporations may do "any and all things necessary, convenient, useful, or incidental to the attainment of [their] purposes as fully and to the same extent as natural persons lawfully might or could do" so long as they are consistent with the provisions of the act. A.C.A. 4-28-209(7) (Supp. 1993). See also A.C.A. 4-33-302(18) (providing that corporations covered by the 1993 act may do all things necessary or convenient, not inconsistent with law, to further the activities and affairs of the corporation). With regard to membership, the original Nonprofit Corporation Act states that a corporation may have one or more classes of members, as provided in the articles of incorporation, and if a membership fee is collected, a serially numbered certificate evidencing the membership fee shall be issued. A.C.A. 4-28-210 (Repl. 1991).
The act also states that the records of the nonprofit corporation charging membership fees must clearly indicate the amount of the fee collected for each serially numbered certificate of membership. A.C.A. 4-28-210(b)(2) (Repl. 1991). As for other provisions of state law, my research has not uncovered any prohibitions to such associations requiring its members to pay membership dues. Thus, as a general matter, the answers to your questions appear to be that water associations which are nonprofit corporations may establish fees for membership in the associations and presumably such fees could be charged each time service is reestablished. Of course, the establishment of any membership fees would, however, have to be consistent with any requirements contained in a water associations articles of incorporation and bylaws, and thus answers to your questions as they relate to any specific water association may ultimately depend upon the specific provisions contained in such documents.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[*] The effective date of the "Arkansas Nonprofit Corporation Act of 1993" was January 1, 1994. A.C.A. 4-33-1706. The provisions of the act apply to all domestic corporations incorporated on or after that date. A.C.A. 4-33-1701. Additionally, a corporation incorporated prior to January 1, 1994, under any general statute of the state providing for incorporation of nonprofit corporations can elect to be governed by the act by amending its articles of incorporation to provide that it shall be so governed. Id. Such an election may be made at any time on or after midnight, December 31, 1993, but once made is irrevocable. Id.
[1] For provisions in the 1993 Nonprofit Corporation Act regarding membership fees, see A.C.A. 4-33-302(14) (providing that corporations covered by the 1993 act may impose dues, assessments, admission and transfer fees upon its members unless the articles of incorporation provide otherwise); 4-33-302(15) (providing that corporations under the act may establish conditions for admission of members, admit members and issue memberships unless the articles of incorporation provide otherwise); 4-33-601(a) (stating that corporations under the act may establish criteria or procedures for admission of members); 4-33-602
(stating that "[e]xcept as provided in its articles or bylaws, a corporation may admit members for no consideration or for such consideration as is determined by the board"); and 4-33-613 (stating that "[a] member may become liable to the corporation for dues, assessments or fees; provided, however, that an article or bylaw provision or a resolution adopted by the board authorizing or imposing dues, assessments or fees does not, of itself, create liability").